### Frank Ross v. The State.

No. 229.    Decided December 1, 1909.

**Local Option—Newly Discovered Evidence.**

Where, upon trial for a violation of the local option law, defendant, in his motion for a new trial, attached the affidavit of the witness who was to give the alleged newly-discovered evidence, but such evidence did not directly nega-

tive the essential and indispensable facts on which the conviction rested, there was no reversible error; besides, the diligence to discover said testimony was not sufficient.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*W. S. Jamison* and *H. E. Lobdue,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Frank Ross was convicted in the County Court of Montague County, on June 8th of this year, for the unlawful sale of intoxicating liquors in violation of the local option law and his punishment assessed at a fine of $100 and twenty days confinement in the county jail.

On the trial the State introduced two witnesses. The first witness, Will Gunter, testified that on the 16th day of May of this year he was in Bowie and met appellant in front of the Bowie Drug Store and told him that he wanted to get a pint of whisky and appellant said, "All right;" for him, witness, to be around at the Burns Hotel in about a half hour; that afterwards he went to Burns' Hotel and appellant gave him a pint bottle of whisky and he paid him a dollar for it and appellant also gave John Davis a pint bottle and Davis also paid him a dollar for the whisky; that he got the whisky about thirty minutes after he first talked to appellant in front of the drug store. This evidence was corroborated in every respect by the testimony of John Davis. Appellant testified that he met the witnesses Gunter and Davis at the time and place stated by them and they wanted to buy some whisky from him; that he told them that he had none, and they asked if he knew where they could get any; that he, appellant, told them that a man by the name of Andy Anderson, whom he knew had some whisky, and they asked him, appellant, to see him and try to get some whisky, and gave him $1 apiece; that he told them he would see and if he could get some for them he would do so; that he did tell them to meet him at the Burns Hotel; that he saw Anderson and got them a bottle apiece, and they met him according to the agreement and he gave them the whisky; that he did this as a matter of accommodation, did not get a cent out of it, and paid the $2 to Anderson. The witnesses Gunter and Davis were recalled and testified that appellant made no statement to them about getting them some whisky from Anderson; that they got the whisky at the Burns Hotel from appel-

lant and paid him a dollar for it. The court gave a fairly correct charge covering the law of the case, and in addition to his general charge, gave the following instruction requested by counsel for appellant: "If you find that the defendant did not sell the whisky on his own account, but only went and got it at the request of Davis or Gunter, and merely for an' accommodation, and without profit to himself, you will acquit the defendant."

The only ground in the motion for new trial which is worthy of discussion is that which relates to the failure of the court to set aside the verdict on account of newly discovered evidence which is set forth in the affidavit of Hugh Jarrott, which is attached to and made a part of the motion. It is averred in the motion that the testimony is material and tends strongly to show that the contention of appellant is true that he had obtained the whisky as an accommodation from Anderson; that the said testimony was entirely unknown to him until several days after the trial of this cause; that he made diligent search and inquiry prior to said trial to ascertain the names of some persons who knew the facts set forth in said affidavit, but was wholly unable to find such witness; that he knew of no facts and had no cause whatever to believe that the said Jarrott knew anything about it until several days after the trial; that Jarrott is a citizen and resident of Montague County and that he expects to have the witness present in court to testify if a new trial is granted. Attached to the motion is the affidavit of the witness, Hugh Jarrott, to the effect that on the 16th day of May, 1909, he saw appellant standing on the street corner close to the Burns Hotel talking to Andy Anderson, and that he saw said Anderson hand to said Ross two pint bottles of whisky and that appellant gave Anderson $2 in payment therefor; and he heard said Ross tell Anderson that the whisky was for friends of his, and that immediately after receiving the whisky from Anderson appellant walked to the hotel and gave the whisky to a man by the name of Gunter; that he sent word of these facts to appellant on June 20, 1909, and that prior to this time he had never told anyone what he knew about the matter. The rest of the motion relates to his physical condition. It will be observed that this witness does not undertake at all to negative or destroy, or controvert the testimony of the State's witnesses as to the original conference between appellant and the witnesses Gunter and Davis, but relates wholly to the transaction between appellant and Anderson. While to some extent this testimony would support appellant's evidence, it does not so directly negative the essential and indispensable facts on which the conviction rests as to justify us, as we believe, in reversing the judgment of the court overruling the motion for new trial. The diligence used is also to some extent attacked and in this connection it is strangely significant that Anderson, from whom the whisky was obtained, as appellant contends,

does not appear, nor is his absence in any manner accounted for. Appellant must have known that if the facts stated by him were true that Anderson knew them, and it is more than probable that if Anderson had been interrogated that he might or would have known of the presence of this witness Jarrott if he was present when such conversation occurred. The nature of this sort of transaction, the sale of whisky by Anderson in local option territory, would not ordinarily have been discussed in the presence of other persons who were not known or under such circumstances as that someone else would have heard it and the parties interested not have known of the fact. We scarcely think that under all the circumstances it would be proper to reverse the case on account of the action of the court touching this matter.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

[Rehearing denied December 22, 1909.—Reporter.]